# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL INTERNATIONAL, INC. And HWI ENVIRONMENTAL TECHNOLOGIES, INC., f/k/a/ Hazwaste, Inc.,<br><br>    Defendants. | Case No. 09-cv-105-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Remand (Doc. 5) to which Defendant HWI Environmental Technologies, Inc. has responded. For the following reasons, the Court GRANTS the Motion.

## BACKGROUND

Plaintiff filed his Complaint in the Williamson County Circuit Court, First Judicial Circuit, Illinois on December 16, 2008. Service was had on Defendant HWI Environmental Technologies, Inc.(HWI) on January 6, 2009. Service was had, by agreement, on Defendant Federal International, Inc. (Federal International) on or about January 9, 2009. HWI removed the action on February 5, 2009. In its Notice of Removal, HWI stated that Federal International, by and through its counsel, consented to the removal. Federal International filed its written consent to removal on February 23, 2009, more than 30 days after it was served.

## ANALYSIS

Plaintiff filed the instant Motion to Remand contending that the removal was procedurally defective because Federal International did not consent to the removal in writing

until after the expiration of the time allowed by 28 U.S.C. § 1446(b) for the defendant to remove, that is, within 30 days after it was served with the Complaint. HWI argues that Federal International did consent to the removal in writing but that "due to an electronic glitch" the signature of Federal International's attorney did not appear on the consent form. Therefore, HWI did not include the written consent with the Notice of Removal.

I.     **Procedural Requirement of Written Consent to Removal**

The law is clear that when a case is removed from state court to federal court under 28 U.S.C. § 1441, all defendants must join in the notice of removal. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). However, it is not enough for the removing defendants to say in their notice simply that all the other defendants do not object to removal. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *overruled in part on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). All defendants must join in the motion by supporting it *in writing*. *Id*. The failure of even one served defendant to timely consent to removal in writing renders a notice of removal defective and subject to remand unless the removing defendants explain the absence of the missing defendant. *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

The failure to explain the absence of a defendant's written consent to the notice of removal can be cured by amending a petition to provide a sufficient reason for that absence. *Northern Ill. Gas*, 676 F.2d at 273 (amended notice explained that missing defendant was nominal party); *see* 28 U.S.C. § 1653.

The failure to include a defendant's written consent where it is required for removal is a different story. Courts have held that such a defect can only be cured by filing that consent separately *within the time allowed by 28 U.S.C. § 1446(b) for the defendant to remove*, that is,

within 30 days after the defendant is served with the complaint. *See, e.g., Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993). According to those courts, a written consent filed beyond that time is too late. *Id.*

More recently, the Supreme Court has created some question about the necessity of meeting technical removal requirements. In *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996), the Supreme Court held that a procedural defect existing at the time of removal but cured before judgment pursuant to a jury trial is not grounds for a court of appeals to reverse a district court's judgment and remand to state court. *Id.* at 76-77. The Supreme Court reasoned that such remands after entry of judgment would impose an exorbitant cost on the federal and state court systems and the administration of justice. *Id.* at 77. After judgment, the Supreme Court held, "considerations of finality, efficiency, and economy become overwhelming." *Id.* at 76. Nevertheless, the *Caterpillar* court reminded district courts, "The procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed," and rejected the assumption that district courts would not understand or would balk at applying removal rules. *Id.* at 77

At least one court of appeals has relied on *Caterpillar* in a case similar to the one at bar. That court referred to *Caterpillar*'s acceptance of cured procedural defects to justify affirming district court judgments after denial of a remand where a defendant's written consent to removal was filed more than 30 days after it is served with process. *See, e.g., Parrino v. FHP, Inc.*, 146 F.3d 699, 702 (9th Cir. 1998). The *Parrino* court noted, however, that *Caterpillar* only allows *courts of appeal* to treat a defects as cured but does not authorize *district courts* to ignore procedural requirements. *Id.* at 702 n. 1.

In light of the admonitions to district courts in *Caterpillar*, the Court will remand this

3

case. Generally, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000). The defendants in this case did not strictly comply with the requirement of written consent to remove within 30 days of service. HWI's argument that an electronic glitch was the cause of the procedurally defective removal is unavailing. It is evident from the attachments to HWI's Response that it was aware on February 5, 2009, that Federal International's signature did not appear on the consent form. HWI chose to proceed with the removal absent the written consent of Federal International without any explanation as to that absence. Furthermore, it was more than two weeks before written consent from Federal International was finally filed. An electronic glitch does not account for the absence of the written consent for such an extended period. Finally, the Court rejects HWI's argument that its written statement in the Notice of Removal that Federal International consented to removal is sufficient without a written consent from Federal International. HWI argues that, under Rule 11, by signing the removal it certified that it had an evidentiary basis for that statement that Federal International had consented. Therefore, it argues, the Court should make an exception to the otherwise strict requirement that all defendants consent in writing. However, such an exception would consume the rule because it would apply to *any* removal, all of which must be signed in accordance with Rule 11.

In sum, while *Caterpillar* and *Parrino* dictate that, had this case proceeded to judgment, a court of appeals need not have reversed and remanded it, those cases also remind district courts of their obligation to observe remand rules. In this case, observance of those rules requires remand. Furthermore, there are no considerations of finality as there were in *Caterpillar* and *Parrino*; this case is in its infancy, and justice will not suffer unduly by remand at this stage.

## II. Costs and Attorney Fees

Plaintiff requests costs and attorney's fees under 258 U.S.C. § 1447(c) which states in pertinent part: "An order remanding the case may require payment of just costs and actual expenses including attorney fees, incurred as a result of the removal." The language of the statute is clearly discretionary. However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court retains discretion to determine if unusual circumstances counseling against this general rule exist. *Id.* This rule serves to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Here, HWI argues that it had a reasonably objective basis for seeking removal. Indeed, it appears removal would have been proper had HWI attached Federal International's written consent to the Notice of Removal or had Federal International filed its consent separately within the time allowed under § 1446(b). While the failure of HWI to observe the proper procedures for removal is not, as HWI contends, a mere "technicality," neither does it raise to the level of being objectively unreasonable. There is no indication that HWI sought removal for an improper or vexatious purpose. Accordingly, the Court finds that an award of costs is not warranted.

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Remand (Doc. 5) and REMANDS this action

to Circuit Court of Williamson County, Illinois.  The Court DENIES as moot all pending motions.

**IT IS SO ORDERED.**
**DATED: March 4, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**